Argued and submitted January 13, reversed and remanded for reconsideration in part; otherwise affirmed April 26, 1995

## SPRINGFIELD POLICE ASSOCIATION,
*Petitioner,*

*v.*

## CITY OF SPRINGFIELD,
*Respondent.*

## (UP-37-94; CA A84788)

894 P2d 546

John Hoag argued the cause for petitioner. With him on the brief was Hoag, Garrettson & Goldberg.

Timothy J. Harold argued the cause for respondent. With him on the brief were Joseph Trudeau and Harold & Leahy.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner Springfield Police Association seeks review of an order of the Employment Relations Board (ERB) that held that respondent City of Springfield did not commit an unfair labor practice by refusing to bargain regarding two of petitioner's contract proposals. We affirm in part and reverse in part.

This dispute relates to negotiations for a successor to the 1991-94 contract between respondent public employer and petitioner employee representative. Both of the proposals that are the subject of this dispute have their origin in the 1991-94 contract. That contract provided that an employee could request and have removed from the employee's personnel file written reprimands or warnings, after two years had passed, if no other disciplinary action occurred during that time. Petitioner proposed to add this provision to the successor to that contract:

> "Suspensions without pay will be removed from an employee's personnel file after three years so long as no other disciplinary actions occur within that time period."

Respondent refused to bargain with regard to that proposal.

The 1991-94 contract also included provisions regarding assignments to the Investigative Services Bureau (ISB), which is the detective unit. Essentially, that contract limited assignments to ISB to no more than 24 months, and required that one ISB position be maintained to provide training opportunities for patrol officers. It also provided a process for assigning officers to the ISB. Officers assigned to ISB received an allowance equal to three percent of the middle step of the contract's salary range, to cover additional job-related expenses incurred by officers assigned to ISB, primarily expenses for business attire. In negotiations for a successor to the 1991-94 contract, petitioner proposed to include that provision, essentially unchanged. Respondent refused to bargain regarding that provision as well.

Petitioner filed an unfair labor practice complaint with ERB, claiming that respondent had violated ORS 243.672(1)(e) by refusing to bargain in good faith regarding both proposals. ERB concluded that respondent did not violate ORS 243.672(1)(e) by refusing to bargain over either

proposal. Petitioner argues that ERB erroneously interpreted the law in concluding that the proposals are not mandatory subjects of bargaining. We review for errors of law. ORS 183.482(8)(a); *Springfield Education Assn. v. School Dist.*, 290 Or 217, 233, 621 P2d 547 (1980).

Public employers and public employees' representatives are required to bargain in good faith with respect to employment relations. ORS 243.650(4). Failure to bargain in good faith on employment relations, which are called mandatory subjects of bargaining, constitutes an unfair labor practice. ORS 243.672(1)(e), (2)(b). The term "employment relations"

> "includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, grievance procedures and other conditions of employment." ORS 243.650(7).

If a matter concerns one of the enumerated subjects, it is a mandatory subject of bargaining. However, mandatory subjects of bargaining also include "other conditions of employment," *i.e.*, other subjects "of like character" to those enumerated. *Springfield Education Assn.*, 290 Or at 233. In determining whether other conditions of employment are mandatory subjects, ERB must balance the impact of the contract proposal on the employees' work conditions against the proposal's impact on management rights. Those proposals that have a greater effect on management rights are not employment relations subject to mandatory bargaining; those that have a greater effect on employees' work conditions are mandatory subjects of bargaining. *Tualatin Valley Bargaining v. Tigard School Dist.*, 314 Or 274, 279, 840 P2d 657 (1992); *Springfield Education Assn.*, 290 Or at 234. In engaging in the balancing, ERB must consider the bargaining proposal "in light of the workplace involved and the effect of the proposal on the employees working therein." *Tualatin Valley Bargaining*, 314 Or at 286. "Although ERB can rely on its precedents that involve similar facts, it must decide each case on the facts there involved." *Id.* at 285.

Petitioner assigns error to ERB's conclusion that petitioner's proposals are permissive, rather than mandatory, subjects of bargaining. It argues that ERB erroneously interpreted the phrase "other conditions of employment" by failing to balance the effect of the two proposals on the

employees' work conditions against the effect on management's rights, and particularly by failing to take into consideration the unique circumstances of this particular workplace.

■    As to the first proposal, regarding removal of suspensions from employees' personnel files after three years, petitioner argues that ERB failed to balance the impact of the proposal on employees against the impact on management. It asserts that ERB erroneously relied on precedent in which ERB had held that proposals regarding the contents of personnel files are not mandatory subjects, without considering the unique circumstances of this particular workplace. In particular, petitioner argues that ERB "ignored uncontradicted testimony" that the purpose of the proposal was to give an employee who had been suspended a clean record. According to petitioner, the proposal thus relates to job security, and therefore tips the balance toward employees, because the ability to have suspensions removed from the personnel files delineates when prior discipline becomes stale if the employee faces future discipline. Respondent counters that the proposal is not related to discipline, but is merely concerned with what the employer can keep in its personnel files. It asserts that ERB considered the unique circumstances of this workplace and correctly concluded that this proposal was permissive rather than mandatory.

We agree with respondent. ERB said:

"Concerning personnel files, this Board generally has viewed as mandatory those negotiations proposals relating to employee or union access to files and as permissive proposals that attempt to prescribe the contents of such files. These holdings were predicated on the conclusions that management has a greater interest than employees in deciding where files will be maintained and what they will contain, while 'minimum fairness' to employees dictates that their own files be open to them.

"Even though, in order to determine whether a proposal addresses a condition of employment, we must consider the proposal 'in light of the workplace involved and the effect of the proposal on the employees working therein,' we find no evidence in this case that persuades us to depart from the holdings and reasoning found in the cited cases. The proposals at issue clearly would interfere with the employer's

right to determine the appropriate contents of files by requiring it to remove certain documents from them. Under our precedents, such proposals are permissive, not mandatory, for bargaining." (Footnotes omitted.)

■ Contrary to petitioner's argument, ERB is not prohibited from relying on its own precedents that involve similar facts in making determinations about employment relations. It must, however, "decide each case on the facts there involved." *Tualatin Valley Bargaining*, 314 Or at 285. Here, ERB relied on its precedents in which it had considered similar facts, and concluded that there was no evidence in this case that would require a departure from those precedents. We fail to see how testimony that the purpose of the proposal was to give employees a clean slate for possible future disciplinary action constitutes sufficient "unique" facts to require ERB to reach a different result in this case than the results reached in previous similar cases. ERB did not err in determining that the personnel file proposal is not a mandatory subject of bargaining.

■ The second proposal at issue is a proposal to continue to include without substantive change the provisions in the 1991-94 agreement, Article 17, relating to assignments to ISB. Petitioner again argues that ERB failed to engage in balancing, instead simply applying its own precedents to conclude that the proposal is permissive for bargaining. Specifically, it argues that ERB failed to recognize that employees view the assignment to the detective division as a promotion, because of the pay differential and expanded opportunities for overtime, and as an enhancement of their professional careers. Again, respondent counters that ERB did engage in balancing and that it considered the particular circumstances of the workplace in making its determination.

ERB considered whether the provision regarding assignment to ISB related to promotion or to assignment and concluded that it related to assignment. It said:

"This Board has stated that proposals primarily concerned with allowing bargaining unit members to take advantage of promotional opportunities are mandatory for bargaining. The Association argues [that] Article 17 prescribes procedures under which unit members may gain

promotions to ISB positions. The primary definition of 'promotion' is 'the act or fact of being raised in position or rank.' It is clear from the facts here that assignment to ISB does not amount to a rise in position or rank. The wording of the proposal itself shows that employees are interchangeably assigned between ISB and patrol. The slight difference between special pay allowances for ISB and patrol duty is based primarily on considerations of on-the-job clothing, and we do not find it to be sufficient for us to conclude that a move to ISB is a 'promotion' on a monetary basis. We conclude that the proposal at issue concerns assignments, rather than promotions." (Footnotes omitted.)

ERB then reviewed its precedents regarding work assignments, which had held that, on balance, work assignments are of greater interest to management than to labor. It considered petitioner's argument that this particular proposal is different, because it was originally negotiated in order to resolve specific problems in this workplace and concluded that the particular circumstances of this workplace were not sufficient to shift the balance to labor and, therefore, to mandatory bargaining.

It is apparent from ERB's order that, contrary to petitioner's assertion, ERB did not fail to "recognize" that employees view the assignment to ISB as a promotion; instead, ERB considered the facts and concluded that, in fact, the assignment to ISB does not constitute a promotion.

Nonetheless, we conclude that a remand is necessary. Although ERB correctly stated the law, it did not apply it correctly. According to ERB, the purpose of the original proposal in the 1991-94 contract was to "create and guarantee opportunities for officers to transfer to positions in the [ISB]," instead of having the unit composed of detectives permanently assigned to the division. The 1991-94 provisions, as well as the proposal for the successor contract, provided that:

"The parties recognize that opportunities for professional growth have been limited by the department by virtue of the current practice of retaining and assigning positions into the ISB. It is intended that this article set forth procedures for assignment to all positions in the ISB and provide for professional enrichment for all officers."

ERB's order does not indicate that it took into consideration the fact that the assignment to ISB provides "for professional enrichment" or that it considered whether that fact affects the traditional balance for assignments. Because it is possible that the opportunity for professional enrichment provided by assignment to ISB could affect the balance between the proposal's effect on labor and its effect on management rights, we remand for ERB to reconsider whether the proposal regarding assignment to ISB constitutes a mandatory subject of bargaining.

Reversed and remanded for reconsideration of proposal regarding assignment to ISB; otherwise affirmed.